Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAMON SANTIAGO, | **COMPLAINT** |
| *Plaintiffs*, | **JURY TRIAL DEMANDED** |
| -against- | **Case No:** 26-cv-5998 |
| CE HUNTS POINT, LLC, CE PROPERTY MGT., LTD. d/b/a C.E. Property Mgt., Ltd., CE MANAGEMENT, L.P. d/b/a C.E. Management, LP, MELROSE CLUSTER, L.P. and RAMON ESCOBAR, | |
| *Defendants.* | |

---------------------------------------------------------X

RAMON SANTIAGO ("Plaintiff(s)") by and through their attorney, Colin Mulholland, Esq., as against CE HUNTS POINT, LLC, CE PROPERTY MGT., LTD. d/b/a C.E. Property Mgt., Ltd., CE MANAGEMENT, L.P. d/b/a C.E. Management, LP, MELROSE CLUSTER, L.P. and RAMON ESCOBAR (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff is a former employee of a commercial real estate company that was owned and operated by Defendants CE HUNTS POINT, LLC, CE PROPERTY MGT., LTD. d/b/a C.E. Property Mgt., Ltd., CE MANAGEMENT, L.P. d/b/a C.E. Management, LP, MELROSE CLUSTER, L.P. and RAMON ESCOBAR.

1

2.      Defendants own, operate, and/or controlled a commercial property maintenance and service headquartered at 2432 GRAND CONCOURSE, ROOM 509, BRONX, NY  10458 that services and owns multiple commercial buildings in New York City including but not limited to 860 Hunts Point Ave Bronx, NY, 875 Hunts Point Ave Bronx, NY, 871 Hunts Point Ave Bronx, NY, as well as 1220 Gilbert Pl, Bronx NY 10474, 1204 Gilbert Pl, Bronx NY 10474, 813 Faile Street, Bronx NY 10474, 634 Prospect Ave, Bronx NY 10455 and 399 E 160th St, Bronx NY 10451.

3.      Plaintiff RAMON SANTIAGO was employed by Defendants as a maintenance worker, porter, carpenter, plumber, construction worker and general laborer.

4.      At all times relevant to this Complaint, Plaintiff(s) worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours they worked each week.

5.      Further, Defendants failed to pay Plaintiff(s) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

6.      Plaintiff(s) now bring(s) this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

2

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff RAMON SANTIAGO is an adult individual residing BRONX. Plaintiff RAMON SANTIAGO was employed by Defendants from approximately for the past sixteen years and the statutory period of 2020 through late August 2024 or early September 2024.

10.     CE HUNTS POINT, LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2432 GRAND CONCOURSE, ROOM 509, BRONX, NY  10458.

11.     CE PROPERTY MGT., LTD. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2432 GRAND CONCOURSE, ROOM 509, BRONX, NY  10458.

12.     CE MANAGEMENT, L.P.  is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2432 GRAND CONCOURSE, ROOM 509, BRONX, NY  10458.

13.     MELROSE CLUSTER L.P. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2432 GRAND CONCOURSE, ROOM 509, BRONX, NY  10458

14.     Each CE HUNTS POINT, LLC, CE PROPERTY MGT., LTD. and CE MANAGEMENT, L.P. and MELROSE CLUSTER L.P.  are a closely held corporation owned and operated by Defendants RAMON ESCOBAR.

3

15.    Defendant RAMON ESCOBAR is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RAMON ESCOBAR is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

16.    Defendant RAMON ESCOBAR possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17.    Defendant RAMON ESCOBAR implemented and benefitted from the unlawful pay practices imposed upon Plaintiff as a condition of employment and willfully and maliciously created a false and incomplete record of Plaintiff's pay in an effort to thwart Plaintiff from vindicating their rights under federal and state labor laws

18.    Defendant RAMON ESCOBAR had the authority to hire and fire Plaintiff and all other employees.

19.    Defendant RAMON ESCOBAR directly and personally hired Plaintiff and discharged Plaintiff.

20.    Defendant RAMON ESCOBAR set Plaintiff's pay rate without a premium for his overtime hours.

21.    Defendant RAMON ESCOBAR was the exclusive person with whom Plaintiff complained about his pay and work related issues.

22.    Defendant RAMON ESCOBAR set and altered Plaintiff's schedules by setting his entry and exit times.

23.    Defendant RAMON ESCOBAR disciplined and admonished Plaintiff about his work performance such as by verbally admonishing him and controlling work assignments.

24.     Defendant RAMON ESCOBAR had the final word on all decisions at the commericial property maintenance and service including which executory contracts to enter into for the business, including but not limited to the lease.

25.     Defendant RAMON ESCOBAR physically issued pay to the Plaintiff on pay day.

26.     Defendant RAMON ESCOBAR supervised the operations of the commericial property maintenance and service including the conditions of Plaintiff's employment on a daily basis and reviewed Plaintiff's work performance at the business.

27.     Defendant RAMON ESCOBAR controlled the payroll records and pay practices of the commericial property maintenance and service.

28.     Defendant RAMON ESCOBAR controlled the revenue that came into the business and authorized all purchases for inventory and made contracts for work with clients.

29.     Defendant RAMON ESCOBAR was the person who controlled payroll funds for employees including Plaintiff.

30.     Defendants willfully and maliciously failed to keep proper time and pay records in order to thwart Plaintiffs' ability to vindicate their due wages.

## FACTUAL ALLEGATIONS

31.     Defendants are associated and joint employers, act in the interest of each other.

32.     Defendant CE Property Management LTD, Melrose Cluster LP and CE Management LP are general partners and jointly operated and controlled by Ramon Escobar, who is the president of each.

33.     Defendants freely moved Plaintiff between any of the property they owned or managed regardless of the titled owner as the explicit direction of Defendant Ramon Escobar.

34.     Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

35.     Defendants are experienced commericial property maintenance and service operators and willfully and maliciously failed to pay Plaintiff correctly as an intentional business practice.

36.     Defendants willfully and maliciously failed to maintain proper records in order to hide a paper trail of their wage theft so as to thwart the Plaintiff's ability to vindicate their rights.

37.     Defendants knew or should have known of their obligations to pay Plaintiff at the minimum wage rate and for overtime premiums.

38.     Defendants jointly employed Plaintiff(s) and were employers within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL. In the alternative, Defendants constitute a single employer of each Plaintiff.

39.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

40.     In the years 2023 to 2024, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.     In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, Plaintiff and Defendants' employees handled and purchased for the business cleaning items and construction tools that originated out of state that were used in the servicing the buildings located at 860 Hunts Point Ave Bronx, NY, 875 Hunts Point Ave Bronx, NY, 871 Hunts Point Ave Bronx, NY, as well as 1220 Gilbert Pl, Bronx NY 10474, 1204 Gilbert

Pl, Bronx NY 10474, 813 Faile Street, Bronx NY 10474, 634 Prospect Ave, Bronx NY 10455 and 399 E 160th St, Bronx NY 10451and other buildings operated by the Defendants, such as mops, bleach, power tools, garbage bags, flashlights, paint, ladders, bags, brooms, pails, road salt, shovels, spackle, plumbing tools, saw blades, screws, nails, primer, dry wall, trim lumber, tools, ammonia, Windex, glass, glaze, glue, chalk, rags, paper towels, vacuum cleaners, wrenches, plumbing snakes, power washers, duct tape, electrical tape, wires, catspaws, crow bars  and other cleaning supplies and construction equipment.

42.     Plaintiff was individually engaged in commerce by virtue of moving materials and package in interstate commerce on behalf of the entities.

*Plaintiff RAMON SANTIAGO*

43.     Plaintiff RAMON SANTIAGO was employed by Defendants from approximately for the past sixteen years and the statutory period of 2020 through late August 2024.

44.     Throughout his employment with defendants, Plaintiff RAMON SANTIAGO was employed as a maintenance worker, porter, carpenter, plumber, construction worker and general laborer serving over six (6) properties owned and controlled by Defendant RAMON ESCOBAR and his companies.

45.     Plaintiff RAMON SANTIAGO regularly handled goods in interstate commerce, such as tools and other supplies produced outside the state of New York.

46.     Plaintiff RAMON SANTIAGO's work duties required neither discretion nor independent judgment.

47.     Plaintiff RAMON SANTIAGO regularly worked in excess of 40 hours per week.

48.     From approximately 2020 through late August 2024, Plaintiff RAMON SANTIAGO typically worked the following typical schedule for an average of 72 hours per week:

   a.  Mondays: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M.

   b.  Tuesday: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M.

   c.  Wednesday: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M.

   d.  Thursday: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M.

   e.  Friday: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M.

   f.  Saturday: From between 6:00 A.M. until between 6:00 P.M. and 8:00 P.M..

   g.  Sunday: Day Off

49.     Defendants paid Plaintiff RAMON SANTIAGO a fixed bi-weekly salary of $700.00 without an overtime premium for hours worked over 40:

   a.  2020: $700.00 biweekly

   b.  2021: $700.00 biweekly

   c.  2022: $700.00 biweekly

   d.  2023: $700.00 biweekly

   e.  2024: $700.00 biweekly

50.     No notification was given to Plaintiff regarding overtime and minimum wages under the FLSA and NYLL.

51.     Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

52.     Defendants never provided Plaintiff RAMON SANTIAGO, any notice in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and

such other information as required by NYLL §195(1).

53.    Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor her precise hours worked and pay received thus forcing them to rely on their recollection alone and causing him to suffer the prolonged underpayment of wages by the Defendants.

54.    At night and on the weekends, Defendants directed Plaintiff to service tenant complaints and issues at the buildings Defendant owned.

55.    Plaintiff routinely spent more than 2 hours per day or 12 hours per week performing substantial construction and substantial renovation tasks for the Defendants including but not limited to painting apartments, installing drywall, performing plumbing, installing cabinets and other fixtures, and other major renovation and construction work.

56.    Defendants forced Plaintiff to pay for expenses that were for the benefit of the Defendants all of which constitute improper deductions and kickbacks without reimbursement.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

57.    Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

58.    Defendants, in violation of the FLSA, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

59.    Defendants' failure to pay Plaintiff(s) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

60.    Plaintiff(s) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

61.    Plaintiff(s) repeats and realleges all paragraphs above as though fully set forth herein.

62.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff(s), controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

63.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65.    Defendants failed to pay Plaintiff(s) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66.    Defendants' failure to pay Plaintiff(s) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67.    Plaintiff(s) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

68.    Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

69.    Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff(s) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

70. Defendants' failure to pay Plaintiff (s)overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71. Plaintiff(s) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

72. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff(s), controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

74. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff(s) less than the minimum wage.

75. Defendants' failure to pay Plaintiff(s) the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

76. Plaintiff(s) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

77. Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

78. Defendants failed to pay Plaintiff(s) one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's' spread of

11

hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

79.     Defendants' failure to pay Plaintiff(s) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

80.     Plaintiff(s) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

81.     Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

82.     Defendants failed to provide Plaintiff(s) with written notices, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83.     Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

84.     Plaintiff(s) repeat(s) and reallege(s) all paragraphs above as though fully set forth herein.

85.     With each payment of wages, Defendants failed to provide Plaintiff(s) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86.     Defendants are liable to each Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PAY CALL-IN PAY

87.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

88.     Defendants are each and together employers under the New York Labor Law Section 190.

89.     At all relevant times, Plaintiff was employees of the Defendants.

90.     Defendants willfully violated Plaintiff's rights under the Minimum Wage Order of the NYLL by failing to pay them for at least four (4) hours for the time worked at Defendants' request while any Plaintiff was on-call outside normally scheduled working hours.

13

91.    As a result of Defendants' failure to pay call-in pay, Plaintiff suffered damages in an amount to be determine at trial and is entitled to recover such amount along with prejudgment and post judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) respectfully requests that this Court enter judgment against Defendants:

(a)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff(s);

(b)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)    Awarding Plaintiff(s) damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiff(s) liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff(s).

(g)    Declaring that Defendants violated the Spread of Hours Wage Order of the New

14

York Commission of Labor as to Plaintiff(s);

(h)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff(s);

(j)    Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)    Awarding Plaintiff(s) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)    Awarding Plaintiff(s) liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m)    Awarding Plaintiff(s) pre-judgment and post-judgment interest as applicable;

(n)    Awarding Plaintiff(s) the expenses incurred in this action, including costs and attorneys' fees;

(o)    Enjoining Defendants from future violations of the NYLL as the Court deems necessary and appropriate.

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff(s) demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
         July 15, 2026

By:      */s/ Colin Mulholland*
         Colin Mulholland, Esq.
         36-36 33rd Street, Suite 308
         Astoria, New York 11106
         Telephone: (347) 687-2019
         *Attorney for Plaintiff(s)*

16